411 A.2d 1220

COMMONWEALTH of Pennsylvania

v.

**Ronald HICKS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 31, 1979.

Filed Oct. 5, 1979.

Petition for Allowance of Appeal Denied Jan. 8, 1980.

Eric L. Lilian, Philadelphia, for appellant.

Thomas Gilson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

Appellant, Ronald Hicks, was convicted on July 18, 1977, after a non-jury trial, of voluntary manslaughter and possession of an instrument of crime. Post-verdict motions were denied. Appellant was sentenced to consecutive prison terms of four to ten years and one to five years, respectively. This direct appeal followed. We will affirm.

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

The evidence at trial disclosed the following. On March 10, 1977, appellant and Calvin Eason, the victim, were walking together on the street when a discussion arose concerning a radio. The victim accused appellant of appropriating the radio. A heated argument ensued, which escalated when appellant drew a knife and threatened the victim. The victim initially retreated and then reappeared carrying a glass bottle and a plastic milk crate. Appellant alleged that the victim threw the bottle at him and swung at him with the crate.[1] In the struggle that followed, appellant stabbed the victim in the neck, back, and hand. Mounted police who were nearby apprehended appellant as he fled on his bicycle. The cause of death was determined to be the neck wound which severed the carotid artery.

Prior to trial, on June 24, 1977, appellant filed a petition for exculpatory evidence. An order was entered on June 27, 1977, directing the Commonwealth "to turn over to defense counsel all exculpatory statements and those which tend to be exculpatory." On Friday, July 12, 1977, the first day of trial, after the conclusion of the Commonwealth's case, the District Attorney, upon request by defense counsel for any exculpatory material, disclosed the name and statement of an eyewitness, Floyd Mosely. The court then issued a subpoena for Mosely's appearance. When Mosely appeared, defense counsel presented him as a defense witness.

■■■ Appellant argues that the lower court erred in failing to grant his motions for a new trial and in arrest of judgment. In particular, appellant contends that his due process rights were violated by the late divulgence of exculpatory testimony. It is appellant's contention that his trial preparation was severely hampered and his trial strategy was adversely affected. A review of the record satisfies us that these contentions are without merit.

1. A witness, Floyd Mosely, testified to that as well. However, no such articles were observed or recovered from the scene by the police.

Under the rule set out in *Brady v. U. S.*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." See also *Commonwealth v. Wilder*, 461 Pa. 597, 337 A.2d 564 (1975), *Commonwealth v. Martin*, 465 Pa. 134, 348 A.2d 391 (1975).

First, the Commonwealth did not attempt to suppress Floyd Mosely's evidence. On the contrary, the Commonwealth endeavored to bring Mosely into court to present his testimony. The Assistant District Attorney had subpoenaed Mosely for trial and had sent a detective out to his house to contact him. It is also apparent from the record that defense counsel was given Mosely's statement to read at the end of the first day of trial. Appellant had an opportunity at that time to request a continuance for additional trial preparation if it was deemed necessary. However, he requested only that Mosely appear in court the following Monday. When Mosely appeared, he confirmed that he had received the first subpoena to appear, but had misunderstood the importance of his presence in court. Defense counsel then presented Mosely as a defense witness. The trial court had ample opportunity to consider the weight and credibility of Mosely's testimony. Appellant was in no way prejudiced where the witness sought by appellant actually appeared at trial and testified for the defense. See *Commonwealth v. Rose*, 483 Pa. 382, 396 A.2d 1221 (1978); *United States v. Kaplan*, 554 F.2d 577 (3rd Cir. 1977).

Second, and moreover, the evidence in question is neither material nor exculpatory in nature. Where a general request for evidence is made by defense counsel, as in the instant case, the test for determining "materiality" is whether the omitted evidence would have created areas of reasonable doubt that did not otherwise exist. The omission must be evaluated in the context of the entire record. *Commonwealth v. Rose*, supra, at 1228. Mosely's statement

merely reiterated appellant's account of the stabbing which did not establish self-defense. The sum of the testimony of both appellant and Mosely did not, as a matter of law, make out the elements of self-defense. Thus, pre-trial knowledge of Mosely's statements would not have aided the defense.

■ Appellant's claim that Mosely's statement was "exculpatory" is also without merit. Exculpatory evidence is that which extrinsically tends to establish defendant's innocence of the crimes charged, as differentiated from that which, although favorable, is merely collateral or impeaching. *Commonwealth v. Gee*, 467 Pa. 123, 131, 354 A.2d 875, 878 (1976). Mosely's description of the incident was merely cumulative and in no way added facts helpful to appellant nor strengthened appellant's claim of self-defense.

■ To establish the defense of self-defense, it must be shown that (a) the slayer was free from fault in provoking or continuing the difficulty; (b) the slayer must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to use such force in order to save himself therefrom; and (c) the slayer did not violate any duty to retreat or to avoid the danger. *Commonwealth v. Black*, 474 Pa. 47, 53, 376 A.2d 627 (1977). If the Commonwealth disproves any one of these elements, self-defense is not established. Mosely's testimony established that appellant continued and escalated the difficulty when the only weapon available to the victim was a plastic milk crate which would not have created a reasonable belief in appellant that he was in imminent danger of death or great bodily harm. In addition, Mosely's testimony makes clear that the stabbing occurred on a public street and that appellant had ample opportunity to retreat and avoid the danger.

Judgment of sentence affirmed.

MANDERINO, J., concurs in the result.